UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.

**JORDAN WIMBERLY,**

    **Defendant.**

Case No. 1:21-cr-17-1
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendant Jordan Wimberly's Motion for Pretrial Disclosure of all Inducements and Consideration to Government Witnesses (Doc. 48); Motion for a Bill of Particulars (Doc. 49); Motion for Disclosure of Impeaching Information and Exculpatory Material (Doc 50); and Motion for Notice of Intention to Use Evidence (Doc. 51)—all of which were filed on March 23, 2022. The Government filed an omnibus Opposition (Doc. 55) to Wimberly's Motions on April 13, 2022. Wimberly did not file a Reply.

For the reasons stated more fully below, the Court **DENIES** Wimberly's Motion for Pretrial Disclosure of all Inducements and Consideration to Government Witnesses (Doc. 48); Motion for a Bill of Particulars (Doc. 49); and Motion for Disclosure of Impeaching Information and Exculpatory Material (Doc. 50) **WITHOUT PREJUDICE**. Further, the Court **DENIES AS MOOT** Wimberly's Motion for Notice of Intention to Use Evidence (Doc. 51) **WITHOUT PREJUDICE**.

## MOTION FOR A BILL OF PARTICULARS

First, Wimberly moves for a bill of particulars. Wimberly argues that a bill of particulars is justified in this matter "as this is a complex case with voluminous discovery." (Mot. for Bill of Particulars, Doc. 49, #153[1]). In response, the government argues that a bill of particulars is unwarranted because, "[t]he Indictment, together with the discovery the government has already produced, provides Wimberly adequate notice of the case against him and an ample opportunity to prepare a defense." (Opp'n, Doc. 55, #171).

"A bill of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant." *United States v. Kestner*, No. 3:19-cr-00095-4, 2022 WL 526487, at *3 (M.D. Tenn. Feb. 22, 2022). "A defendant is not entitled to a bill of particulars as a matter of right; whether to grant or deny a bill of particulars is left to the discretion of the Court." *United States v. Ledesma*, No. 19-20216, 2020 WL 7075289, at *3 (E.D. Mich. Dec. 3, 2020). To determine whether to grant a motion for a bill of particulars, the Sixth Circuit has stated that the test "is whether providing such details is necessary to the preparation of the defense and the avoidance of prejudicial surprise." *United States v. Musick,* 291 F. App'x 706, 724 (6th Cir. 2008). A bill of particulars "is not meant, however, as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Tillotson*, 490 F. App'x 775, 777 (6th Cir. 2012) (internal quotation marks omitted). For example, in *United States v. Mayberry,* another court in this district

---

[1] Refers to PAGEID #.

denied the defendant's motion for a bill of particulars, noting that the motion "set[] forth no specific, particularized need for a bill of particulars and fail[ed] to explain how the details alleged in the indictment [were] insufficient." No. 3:12-cr-72-5, 2012 WL 4343159, at *1 (S.D. Ohio Sept. 21, 2012). Moreover, the court also observed that its review of the indictment revealed no major omissions or missing details that suggested a bill of particulars was necessary. *Id.*

Much like in *Mayberry,* here Wimberly has failed to articulate any specific reasons why he believes a bill of particulars is warranted. His Motion, which is barely longer than a single page, states only that "this is a complex case with voluminous discovery," and a Bill of Particulars "is essential to enable him to prepare his defense." (Doc. 49, #153–54). But Wimberly already has ample information available to allow him to prepare his defense. As the government correctly observed in its Opposition, "the Indictment itself tells Wimberly the who, what, when, where, and how of the case. It alleges that Wimberly and his co-defendant, Carter, murdered victim Lerois Harris on January 29, 2015,[2] in this District, using a firearm. The Indictment also alleges that the defendants committed the murder during and in relation to a robbery." (Doc. 55, #171; *see also* Indictment, Doc. 4, #13). To the extent that information is inadequate, the government has also provided "a letter to defense counsel outlining much of its expected evidence at trial, including an explanation of which pieces of evidence in [its] discovery—such as reports, social media and email

---

[2] In fairness to Wimberly, the Indictment actually says that the alleged murder occurred "[o]n or about January 29, 2015." (Doc. 4, #13).

3

records, and phone records—will corroborate certain aspects of the witnesses' testimony." (Opp'n, Doc. 55, #172).

Thus, as best as the Court can discern, Wimberly would appear to have ample information at his disposal to allow him to prepare his defense and avoid prejudicial surprise. If there are still gaps in Wimberly's understanding of the government's case that might warrant a bill of particulars, his Motion fails to adequately explain what these gaps are. Without some greater explanation from Wimberly as to what he needs and why he needs it, the Court cannot grant his request at this juncture. Accordingly, the Court **DENIES** Wimberly's Motion for a Bill of Particulars **WITHOUT PREJUDICE**.

## MOTIONS FOR *BRADY/GIGLIO* AND JENCKS MATERIAL

Next, Wimberly filed a Motion for "Disclosure of Impeaching Information and Exculpatory Material." (Doc. 50). Specifically, Wimberly asks that the Court order the government to disclose the following: (1) "all records and information revealing felony convictions, guilty verdicts, or juvenile adjudications" of each government witness; (2) "any record or information revealing prior misconduct or bad acts attributed to each government witness;" (3) "any and all consideration or promise of consideration given to or on behalf of each government witness;" (4) "any and all pending or deferred prosecutions or investigations of each government witness;" (5) "any and all prior occasions the government witness has testified before any court or grand jury or narrated details of this investigation;" and (6) "any and all other records and information helpful or useful in impeaching a government witness, or

4

which is material either to guilt or punishment of defendant." (Mot. for Impeaching and Exculpatory Info., Doc. 50, #155–56).

Separately, but relatedly, Wimberly also filed a Motion for Pretrial Disclosure of all Inducements and Consideration to Government Witnesses. (Doc. 48). There, he requests that the Court order

> pretrial disclosure of all promises, rewards, inducements or other considerations provided or promised to any government witnesses, together with the criminal records of such witnesses, including all pending charges, as well as the criminal records of any non-testifying co-defendants or unindicted coconspirators whose statements may be offered into evidence, and any other impeachment material or information favorable to the defense to which Defendant is entitled, as a matter of due process, or otherwise.

(*Id.* at #150).

Because these two Motions overlap substantially in the materials they seek, the government responded to them jointly in its Opposition. (Doc. 55, #173). There, the government acknowledged that, under *Brady* and *Giglio*, Wimberly is entitled to "any evidence that is both favorable to [him] and material to either guilt or punishment," which includes "impeachment material affecting the credibility of government witnesses." (*Id.*). The government also acknowledged that Wimberly is entitled to "certain prior statements of … trial witness[es]" in the government's possession under the Jencks Act. (*Id.* at #174). However, the Government maintains that it is not required to disclose any of this information at this stage of proceedings. (*Id.* at #175–77).

"Under *Brady* and *Giglio* the prosecution is required to disclose exculpatory evidence, including evidence that may impeach the credibility of a witness." *Jiminez*

5

*v. United States,* No. 20-5361, 2020 U.S. App. LEXIS 24741, at *3 (6th Cir. Aug. 5, 2020) (quoting *United States v. Jones*, 399 F.3d 640, 647 (6th Cir. 2005)). However, this does not mean that a defendant is entitled to this material immediately whenever he or she requests it. Rather, the Sixth Circuit has observed that the government is only required to "disclose all exculpatory and impeachment evidence that is in [its] possession '*in time for use at trial*.'" *United States v. Smith*, 749 F.3d 465, 492 (6th Cir. 2014) (quoting *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988)) (emphasis added).

What "in time for use at trial" means, though, can vary. As multiple courts in this circuit have observed, there is "no hard and fast rule" for when *Brady* material must be disclosed. *United States v. Bell,* No. 17-cr-20183, 2019 WL 3451222, at *4 (E.D. Mich. July 31, 2019); *United States v. Brown*, No. 5:16-097, 2017 WL 1455006, at *2 (E.D. Ky. Apr. 21, 2017); *United States v. Hogg*, No. 13-CR-20809, 2014 WL 1328170, at *3 (E.D. Mich. Apr. 2, 2014). For example, in *United States v. Kuehne,* the Sixth Circuit held that the government met its obligations under *Brady* when it disclosed an audio recording of a witness one day before the government called that witness to testify. 547 F.3d 667, 698 (6th Cir. 2008). Despite that eleventh-hour disclosure, however, the Sixth Circuit noted that the Defendant was still "able to impeach [the witness] with [the] prior recorded statements." *Id.* Thus, because the Defendant could not demonstrate that he was unable to effectively use the tape at trial, his *Brady* claim failed. *Id.* That said, although disclosure during trial was adequate in *Kuehne*, the government itself correctly notes in its Opposition that other

6

*Brady* material "may require more time for pretrial investigation by the defense"—in which case, it must be disclosed earlier. (Opp'n, Doc. 55, #174). *See also Bell*, 2019 WL 3451222, at *4 (observing that "the timing of disclosure ultimately depends on the circumstances of each case").

Separately, a criminal defendant is also entitled to certain disclosures under the Jencks Act. As the Northern District of Ohio has explained, "[u]nder [Federal Rule of Criminal Procedure] 26.2, which incorporates the Jencks Act in the Federal Rules of Criminal Procedure, … the government or the defendant may seek an order requiring the disclosure of any pretrial statements of [a trial] witness if the statements are in the possession of the party calling the witness and relate to the subject matter of the witness's testimony." *United States v. Mohammad*, No. 1:10-CR-389, 2012 WL 1605472, at *2 (N.D. Ohio May 8, 2012). This rule applies, however, only "after [the] witness [in question] has testified on direct examination." *Id.* Furthermore, "[w]hen *Brady* material sought by a defendant is covered by the Jencks Act[,] the terms of that Act govern the timing of the government's disclosure." *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) (quoting *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994)).

Applying *Brady/Giglio* and Jencks to the instant Motions, the Court declines to order the government to disclose any additional information to Wimberly at this time. First, with regard to any material to which Wimberly might be entitled under the Jencks Act, the Court reiterates that those disclosures are not required until after the witness to whom that material relates testifies on direct examination at trial.

*Mohammad,* 2012 WL 1605472, at *2. Thus, the Court denies Wimberly's request to order the government to produce this material now, approximately four months before trial has even begun.

With regard to any *Brady* and *Giglio* material, the government states that it "understands its obligations under *Brady* and *Giglio* and will comply with them." (Opp'n, Doc. 55, #175). As to any impeachment material, the government confirms that it will produce this information "sufficiently in advance of trial in time for Wimberly to make use of it." (*Id.*). As to exculpatory information, the government states that it has, in fact, "already far exceeded its obligations" under *Brady* by producing voluminous discovery and other material. (*Id.* at #176). To the extent these productions have not satisfied the government's *Brady* obligations, the government also confirms that it will disclose any additional exculpatory material on a timely basis in advance of trial. (*Id.*).

Because approximately four months remain until trial, the Court finds that the Government still has time to comply with its remaining disclosure obligations under *Brady* and *Giglio* such that Wimberly will be able to use any disclosed material at trial. Accordingly, the Court declines to order the government to disclose any additional *Brady* and *Giglio* material at this time.

## MOTION FOR DISCLOSURE OF "BAD ACTS"

Finally, Wimberly "requests pretrial notice of the government's intention to introduce evidence of other crimes, wrongs, and acts, including uncharged conduct or alleged offenses, whether in the government's case in chief or in rebuttal, as well as

8

the general nature of any such evidence and the particular purpose for which the same would be offered into evidence." (Mot. for Notice, Doc. 51, #158).

The government agrees that, under Federal Rule of Evidence 404(b), it must provide pretrial notice of its intention to use evidence of prior "bad acts" at trial and the general nature of any such evidence. (Opp'n, Doc. 55, #177). However, the government states that "at this juncture, the government has not identified evidence it intends to introduce against Wimberly under Rule 404(b). If the government discovers evidence it intends to introduce under this rule, the government will promptly provide the notice required by Rule 404(b)(2)." (*Id.*).

Accordingly, because the government states that it does not currently intend to introduce evidence of prior "bad acts" at trial, the Court **DENIES AS MOOT** Wimberly's request for pretrial notice of the government's intention to use any such evidence **WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Wimberly's Motion for Pretrial Disclosure of all Inducements and Consideration to Government Witnesses (Doc. 48); Motion for a Bill of Particulars (Doc. 49); and Motion for Disclosure of Impeaching Information and Exculpatory Material (Doc 50) **WITHOUT PREJUDICE**. Further, the Court **DENIES AS MOOT** Wimberly's Motion for Notice of Intention to Use Evidence (Doc. 51) **WITHOUT PREJUDICE**.

9

**SO ORDERED.**

June 1, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**