# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:21-cr-00017 |
| v. | : | JUDGE JEFFREY P. HOPKINS |
| JORDAN WIMBERLY, | : | DEFENDANT JORDAN WIMBERLY'S MOTION FOR |
| DEFENDANT | : | JUDGMENT OF ACQUITTAL |

Pursuant to Federal Criminal Rule 29(c)(2), Defendant Jordan Wimberly, by and through counsel, hereby moves this Court for a judgment of acquittal in the above captioned case. Mr. Wimberly's jury was discharged on October 5, 2023, having failed to reach a verdict after the close of all the evidence. Mr. Wimberly is entitled to judgment of acquittal by this Court because the evidence is insufficient to sustain a conviction. This Motion is supported by the following Memorandum of Law.

Respectfully submitted,

s/ *Kory Jackson*_____
Kory A. Jackson (0072572)
Jackson Law Office, LLC
810 Sycamore St.
Second Floor
Cincinnati, Ohio 45202
Tel:    (513) 338-1999
Fax:    (513) 621-8703
Email: kajackson@cincilaw.net

Attorney for Jordan Wimberly

1

**MEMORANDUM OF LAW**

**I.      INTRODUCTION**

Mr. Wimberly was charged with use of a firearm to commit murder during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 924(j)(1). This case is before the Court after a nine-day trial to a jury on that single count indictment. After two days of deliberations, the jury was unable to reach a verdict. Subsequently, the jury was discharged by the Court and a mistrial declared. According to the Court, almost half of the jurors (five of the twelve) voted to acquit Mr. Wimberly. Mr. Wimberly now seeks a judgment of acquittal because the Government's evidence on several fronts was insufficient to sustain a conviction in this matter.

**II.     MR. WIMBERLY IS ENTITLED TO  JUDGMENT OF ACQUITTAL**

        A.      Applicable Law

A judgment of acquittal should be granted when the Government's evidence is insufficient to sustain a conviction against the defendant. Federal Criminal Rule 29(c)(2). The reviewing claims for judgment of acquittal the court, while reviewing the record in the light most favorable to the prosecution, should grant relief only if it is found that upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994). Here, the Government failed to produce sufficient evidence that would convince a rational trier of fact that there was proof beyond a reasonable doubt of several crucial elements of the crime charged.

B. <u>The Government Failed to Prove that a Robbery was Committed</u>

In the case at bar, Mr. Wimberly was charged with use of a firearm to commit murder during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 924(j)(1). The Government alleged that the crime of violence in this instance was the robbery of the deceased Lerois Harris. The Government failed, however, to produce evidence that taken even in the light most favorable to the Government that an actual robbery was committed.

The Government produced two witnesses that testified that Mr. Wimberly discussed he attempted to rob Mr. Harris and a shooting occurred. While Mr. Wimberly vehemently denies being involved in the shooting Mr. Harris, even if the two witnesses are to be believed there is no evidence that a robbery actually took place. Neither Jerome Smith nor Dayshia Wright, the witnesses produced by the Government, testified that Mr. Wimberly said that he received anything in the effort to rob Mr. Harris. To the contrary, both of these witnesses testified that Mr. Harris was shot specifically because he did not give anything over in a robbery. Further, neither Mr. Smith nor Ms. Wright testified that Mr. Wimberly took marijuana from Mr. Harris as the Government was allowed to argue in closing arguments. As such, there is no evidence that a reasonable juror could conclude that a robbery actually took place.

Moreover, the Government called Kendra McCombs, the decedent's girlfriend who was present at the time of the shooting. Ms. McCombs testified that there was nothing missing either from Mr. Harris, or from her apartment after Mr. Harris was shot. Ms. McCombs also testified that she did not hear anyone demand money or drugs from Mr. Harris, either before or after he was initially shot. As a result, there was no witness who testified that a robbery actually took place as Mr. Harris was shot, and, as a result, there was no evidence that a crime of violence

3

occurred other than the actual shooting of Mr. Harris. Consequently, the Court should render a judgment of acquittal for Mr. Wimberly.

    C.    <u>The Government Failed to Prove that Crime Charged Affected Interstate Commerce</u>

An element of the crime Mr. Wimberly was charged with is that the crime must affect interstate commerce. In this case there was no testimony adduced at trial that showed how the commission of the shooting of Mr. Harris affects interstate commerce. Since there was no evidence or testimony at all produced on this issue Mr. Wimberly is entitled to judgment of acquittal as a matter of law.

    D.    <u>The Eyewitness to the Shooting did not Identify Mr. Wimberly as being involved</u>

As noted above, Ms. McCombs testified to being present when Mr. Harris was shot. Ms. McCombs gave detailed information about the individuals involved in the shooting. According to her testimony, there was one dark skinned individual and one lighter skinned individual. Ms. McCombs testified that she could see the face and hair of the lighter-skinned individual. The description that she gave was that he had a bushy afro, a thin moustache and no tattoos on his face or neck. A photo of Mr. Wimberly introduced into evidence by the Government showed he had a close-cropped haircut, a full beard, and a very prominent tattoo on his neck just two days after the shooting. Ms. McCombs did not identify Mr. Wimberly in a line-up or in person in the courtroom. Clearly, Mr. Wimberly was not the person involved in the shooting of Mr. Harris and he is entitled judgment of acquittal in this case.

## III. CONCLUSION

Based on the foregoing, Mr. Wimberly is entitled to judgment of acquittal.

        Respectfully submitted,

        s/ *Kory Jackson*_____
        Kory A. Jackson (0072572)
        Jackson Law Office, LLC
        810 Sycamore St.
        Second Floor
        Cincinnati, Ohio 45202
        Tel: (513) 338-1999
        Fax: (513) 621-8703
        Email: kajackson@cincilaw.net

        Attorney for Jordan Wimberly

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing has been served through the Court's electronic filing system on all counsel of record this 10th day of October, 2023.

        s/ *Kory Jackson*_____