# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:21-cr-00017 |
| v. | : | JUDGE JEFFREY P. HOPKINS |
| JORDAN WIMBERLY, | : | DEFENDANT JORDAN WIMBERLY'S REPLY IN SUPPORT OF HIS MOTION FOR JUDGMENT OF ACQUITTAL |
| DEFENDANT | : | |

## I. INTRODUCTION

There is no evidence that an actual robbery occurred when Lerois Harris was shot. Not one of the Government's witnesses who testified said that Mr. Harris was robbed. The Government would have this Court ignore the fact that no such evidence was produced at trial and instead draw an inference from another inference that Mr. Harris was robbed of some small amount of marijuana. In order to find that Mr. Harris was actually robbed, this Court would have to speculate that the last call Mr. Harris received was regarding a marijuana transaction. There is no evidence at all of that. Then, the Court would have to speculate that the persons who ultimately shot Mr. Harris set up that drug transaction on that phone call. There is absolutely no evidence of that. Then, the Court would have to conclude that in the midst of the shooting that occurred, the individuals involved took some small amount of marijuana from Mr. Harris that no one saw or testified to. Again, there is no evidence at all of that.

The use of circumstantial evidence cannot be used to create facts out of thin air. Nor can it be used to contradict the facts and testimony produced in this case. Ms. McCombs testified that nothing was missing from Mr. Harris. Jerome Smith testified that Mr. Wimberly told him that he wouldn't have shot Mr. Harris "if he would have given it up." Similarly, Dayshia Wright testified that Mr. Wimberly and his codefendant argued about items of value "not being there," suggesting that nothing was taken. Simply put, both Jerome Smith and Dayshia Wright testified to a robbery that was attempted, but not completed.

The Government's failure to produce evidence of a robbery in this case is akin to the Government's failure to show that any alleged robbery in this case, had an impact on interstate commerce. The Government charged Mr. Wimberly with a killing in the act of committing a Hobbes Act robbery. In order for Mr. Wimberly to be convicted, the Government needed to prove that an actual robbery was committed, and that the robbery had an impact on interstate commerce. The Government has failed on both counts. There was absolutely no argument or testimony regarding the impact of the alleged robbery on interstate commerce.

## II. THERE WAS NO DIRECT OR CIRCUMSTANTIAL EVIDENCE OF Robbery IN THIS CASE

Mr. Wimberly unequivocally denies being involved in the shooting of Mr. Harris. Yet, even if this Court finds, in taking the evidence in the light that most favors the Government, that Mr. Wimberly was involved in the shooting of Mr. Harris, the Government still has not met its burden of proof in this case. That there is no witness who testifies that Mr. Wimberly committed a robbery cannot be repeated enough. While the Government does not directly concede this fact, it does not present the testimony of any witness to the contrary. Instead, the Government argues that it is allowed to use circumstantial evidence to prove that a robbery took place. (Doc. # 131

p. 10.) What the Government fails to factor into its argument is the testimony of its own witnesses who testify that a robbery may have been attempted but that nothing was actually taken from Mr. Harris.

Jerome Smith, who testified on behalf of the Government, stated that that Mr. Wimberly told him that he went to Mr. Harris's house to rob Mr. Harris and that as soon as he pointed the gun at him Mr. Harris tried to grab it and Mr. Wimberly shot him. (Doc. # 103 at pp. 28-29). Specifically, Mr. Smith testified in relation to Mr. Wimberly: "He just told me, he upped the gun on him and walked him into his house, that they was planning on robbing him." (Id. p. 29.) This clearly belies the Government's argument that a robbery took place outside of the house. Further, we know from Ms. McCombs that no robbery took place inside the house. (Doc. 126 p 12.)

Moreover, Dayshia Wright also testified that an attempted robbery occurred but not an actual robbery. Ms. Wright testified that she overheard a conversation with Mr. Wimberly and his codefendant about the items of the alleged robbery not being in the house. Specifically, Ms. Wright testified: ". . . Jordan stated that the guy Nuke knew the guy Duke, and that he supposedly knew what was in the house, and when Jordan said it was not in the house." (Doc. # 102 p. 20.) Here again, the Government's fact witness testified that a robbery did not actually take place.

There is no conflict in the witness testimony in this case. All of the Government's witnesses testify that no robbery was actually achieved in the shooting of Mr. Harris. The Government cannot rely on inferences to conclude something its own witnesses testified did not happen.

**III.   THE GOVERNMENT DID NOT PROVE THAT THE ALLEGED ROBBERY AFFECTED INTERSTATE COMMERCE**

Despite the mention of interstate commerce in the jury instructions, the Government still has the burden of proving that the alleged robbery of Mr. Harris affected interstate commerce. In order to prevail under a Hobbs Act violation, the Government must prove two elements: 1) interference with interstate commerce,; and 2) the substantive criminal act. *United States v. Turner*, 272 F.3d 380, 384 (6th Cir. 2001). Here, there was no testimony, or argument, that the alleged robbery had any impact on interstate commerce. As such, the Government's case fails on this element as well.

**IV.   CONCLUSION**

Based on the foregoing, and the motion for judgment of acquittal, Mr. Wimberly is entitled to judgment of acquittal.

Respectfully submitted,

s/ *Kory Jackson*_____
Kory A. Jackson (0072572)
Jackson Law Office, LLC
810 Sycamore St.
Second Floor
Cincinnati, Ohio 45202
Tel:   (513) 338-1999
Fax:   (513) 621-8703
Email: kajackson@cincilaw.net

Attorney for Jordan Wimberly

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served through the Court's electronic filing system on all counsel of record this 11th day of December, 2023.

                                          s/ *Kory Jackson*_____